HENRY F. TURNER, Judge pro tem.
The plaintiffs in this case operate a money-lending business in the City of New Orleans and make small loans in conformity with LSA-R.S. 6:571 et seq. They seek judgment against Brenda Zito and J. (Joseph) F. Zito, in solido, in the amount of $884, alleged to be due on a note executed by defendants on August 24, 1961. Plaintiffs also claim interest and attorney’s fees. In defense the defendants claim that plaintiffs agreed, as a condition subsequent to the execution of the 'said note, to deliver certain furniture owned by the defendants to them and, also, that plaintiffs required that before they would accept the note, defendants had to secure another maker or endorser on said note.
The judge of the First City Court of New Orleans rendered judgment in favor of defendants, dismissing plaintiffs’ suit, but reserving to plaintiffs all of their “rights in the premises, if any they have.” *308 Plaintiffs have appealed from this judgment.
On the trial of the case the evidence established that the defendant Brenda Zito was married to a man by the name of Le-boeuf, and that while married, she and her husband had mortgaged a quantity of household furniture to the plaintiffs to secure a note dated December 12, 1960. The evidence shows that Brenda Zito, the stepdaughter of defendant J. F. Zito, and her husband were having marital difficulties and that her husband had refused to make further payments on the December note. The evidence shows that defendant J. F. Zito was willing to execute the new note filed in evidence as “P-1” to avoid losing the furniture by foreclosure of the chattel mortgage. J. F. Zito testified that when he signed the note in question, the agent of the finance company with whom he was dealing, upon finding from his loan application that he was 65 years of age, told him that they could not accept him unless he secured an additional maker or endorser. He planned to get the defendant Brenda Zito’s brother as the additional endorser but failed to do so. As shown by the note filed in evidence, no other maker or endorser was obtained.
Defendant J. F. Zito also testified that the agent or agents of American Thrift & Finance Plan, Inc., specifically agreed to obtain possession of the furniture in question for him if he would sign the note. Plaintiffs deny this. Plowever, the testimony of an attorney who previously represented Brenda Zito, Frank P. Lucia, is that he called up the manager of the plaintiff company and stated: “Well, then, Mr. Zito will come and endorse the note and they will have the possession of this furniture,” to which the manager replied: “Send him up now.”
The evidence shows that the husband of Brenda Zito removed all of the mortgaged furniture from the matrimonial domicile and locked his wife out. There is no explanation as to why they did not pursue the furniture, which the evidence shows to be worth $5,000. We note that the note in question is a chattel mortgage note, but that plaintiffs have not asked for recognition or enforcement of said lien, nor did they produce or offer in evidence the chattel mortgage.
It is undisputed that the defendants in this case received no cash whatsoever for “P-1,” and the position of the plaintiffs is that the consideration for the note sued upon is the renewal or, more properly, the novation of the debt represented by the old note. Of course the renewal of a note or its extinguishment constitutes legal consideration for a new note. Since the defense in this case is a failure of consideration, we look to the circumstances of the confection of the new note. The note of December 12, 1960, was marked “P-2” for identification and submitted to several of the witnesses on the trial of the case, but was not filed in evidence, and we do not have the benefit of said note for a decision in this case. It was testified to, however, that the note, “P~ 2,” had a light pencil notation in one corner “Pd.” The note was never delivered to the defendants in the case and insofar as the record shows, it is still in the possession of the plaintiffs.
The testimony for plaintiffs is rather weak and unconvincing as to why they retained the possession of “P-2.” J. F. Zito testified that he asked them for the note when he signed the new note and they refused to give it to him. Plaintiffs’ explanation for not marking the note paid and then delivering it to defendants is that they were waiting for the defendants to come by and pick the note up; that they do not mail the cancelled notes out. However, in explaining this procedure, Mr. A. J. Castenada, who was manager of the plaintiffs’ office, stated that another office which kept the notes pencilled the “Pd.” on them and that they would then send them to him, and when he received the notes, he hit them with a stamp to mark them paid, but in this case the note never got as far as his office as it *309 was sitting in some other office waiting for the lady to pick it up. He also testified that unless it was a confidential note, that he mailed the paid note to the customer. There is no evidence that this was a confidential note, nor is there any evidence to show that plaintiffs ever notified the defendants to pick the note up, but, to the contrary, the plaintiffs refused to surrender the December note when requested to do so. In fact, Mr. Castenada testified on page 37 of the transcript of evidence:
“She asked me if she could have the note back, that note back, if she refinanced the loan. I said, yes, but I would have to have an endorser, so she proceeded to get me one, I thought it was too weak and I asked for another, and I was trying to decide between the two and finally I asked for both. If he wanted it bad enough, that is why I asked for two endorsers.”
This testimony, together with that of the defendants and Mr. Lucia, convinces us that there was never a novation of the December 12, 1960, note, and that there was, therefore, a failure of consideration for the execution of the note in question in this case.
Counsel for the plaintiffs asked that, in the event this court upholds the judgment of the lower court which held for the defendants, alternatively, that we should remand the case to the court below with instructions that said lower court render judgment in favor of plaintiffs and against Brenda Zito on the note, December 12, 1960, and cites Art. 862 of the Louisiana Code of Civil Procedure, LSA and the evidence submitted in this case.
The note in question is not in evidence and not before us, and although defendant Brenda Zito admitted the execution of the note, there is no testimony or evidence in the record to indicate the balance due, nor the provisions as to interest and attorney’s fees due. Therefore, we think it inappropriate that we so direct the lower court. The lower court in its judgment reserved to plaintiffs all their rights in the note of December 12, 1960.
For the reasons assigned, the judgment of the lower court is affirmed.
Affirmed.